**B. James MARTIN, Plaintiff—Appellant,**

v.

**NEVADA EMPLOYMENT SECURITY DIVISION; et al., Defendants—Appellees.**

No. 03–15518.
CV–02–00526–HDM/RAM.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2004.*

Decided June 4, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Kenneth J. McKenna, Esq., Kenneth James Mckenna, Inc., Reno, NV, for Plaintiff–Appellant.

John Albrecht, Esq., Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before B. FLETCHER and FISHER, Circuit Judges, and ROLL, District Judge.**

MEMORANDUM ***

B. James Martin appeals the district court's dismissal of his lawsuit against the State of Nevada Employment Security Division, Nevada Equal Rights Commission and Carlos Romo (collectively the "Division"). The district court granted the Division summary judgment, finding that Martin had failed to exhaust administrative remedies in a timely fashion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To establish federal subject matter jurisdiction over his Title VII claim, Martin was required to exhaust his administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e–5(b); see B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir.2002). The EEOC charge must be filed within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). If the plaintiff institutes proceedings with a state or local agency "with authority to grant or seek relief from such practice," the period of limitations for filing a charge with the EEOC is extended to 300 days. Id. The parties disagree as to whether Martin qualified for the longer limitations period. Because Martin's charge was untimely even if he were entitled to 300 days, we need not resolve this issue.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"A claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action." *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 926 (9th Cir.2004) (quoting *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999)) (brackets omitted). In determining when an act occurs for statute of limitations purposes, "the question is when the operative decision was made, not when the decision is carried out." *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1059 (2002). The statute of limitations began to run at the latest on May 25, 2001, when Martin received a certified letter informing him that he was terminated effective June 1, 2001, because that letter was "adequately final and represented the [Division's] 'official position.'" *Id.* at 1060 (quoting *Delaware State Coll. v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). Martin therefore filed his EEOC charge four days too late (March 25, 2002), even if he were entitled to the longer 300–day period, which would have expired March 21, 2002.

 Martin for the first time in a supplemental memorandum asserted that he was entitled to equitable tolling. This claim is waived because Martin did not pursue it before the district court. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

The district court correctly dismissed Martin's lawsuit for lack of federal subject matter jurisdiction. Our determination is without prejudice to any state claims that Martin may bring in state court.

The Division's motion to strike is denied as moot.

AFFIRMED.